UNITED STATES DISTRICT COURT FILED SEP 2 1 2023 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-                                                                                    23-CR- 104

MAN O' TREES, INC.,

        Defendant.

---

## INFORMATION
(Conspiracy to Commit Mail Fraud)

### COUNT 1

**The United States Attorney Charges That:**

A. **Introduction**

The defendant, MAN O' TREES, INC., was incorporated in the State of New York in or about 1998 and operated as a general construction contractor. The defendant, MAN O' TREES, INC., maintained offices in West Seneca, New York, Buffalo, New York, and Salamanca, New York.

Sue-Perior Concrete and Paving, Inc. (Sue-Perior) was incorporated in the State of New York in or about 2003 and purportedly operated as a subcontractor and general construction contractor. Sue-Perior maintained offices at the same locations used by defendant, MAN O' TREES, INC.

B. **The Disadvantaged Business Enterprise Program**

Disadvantaged Business Enterprise (DBE) was a label assigned to those businesses who were certified by a government agency as owned and controlled by socially and economically disadvantaged individuals who own at least 51% of the company.

In 1980, the United States Department of Transportation (USDOT) issued regulations in connection with a program to increase the participation of minority and DBEs in federally-funded public construction projects. Recipients of USDOT construction grants were required to establish a DBE program, pursuant to which they would set specific goals for the percentage of work to be awarded to DBEs and ensure that good faith efforts were made by general contractors to employ qualified DBE subcontractors.

To be certified as a DBE, a company must have been owned and controlled by socially and economically disadvantaged individuals, who owned at least 51% of the company. Additionally, the company must have been an independent business, one whose viability did not depend on its relationship with another firm or firms; the company must have employed its own work force, owned the equipment necessary to perform its work, and been able to meet its financial obligations. To undertake work as a DBE, a company must have been certified as a DBE in the state within which it seeks to perform work.

General contractors were permitted to count toward the attainment of their DBE percentage goals only funds paid to DBEs that performed a "commercially useful function" in the execution of a contract. Under the relevant rules and regulations, a DBE subcontractor performed a commercially useful function only where it: was responsible for the execution of the work of the contract; carried out its responsibilities by actually performing, managing, and supervising the work involved; and furnished the supervision, labor, and equipment necessary to perform its work. The rules and regulations also expressly provided that a DBE did not perform a commercially useful function "if its role is limited to that of an extra participant in a transaction, contract, or project through which funds are passed in order to obtain the appearance of DBE participation."

C. **Object of the Conspiracy**

Beginning in or about May 2009 and continuing until in or about 2013, in the Western District of New York, and elsewhere, the defendant, MAN O' TREES, INC., did knowingly and willfully combine, conspire, and agree together and with others, known and unknown, to devise a scheme and artifice to defraud, among others, the USDOT, the New York State Department of Transportation (NYSDOT), the City of Niagara Falls, New York, the Buffalo Urban Development Corporation (BUDC), and the Niagara Frontier Transportation Authority (NFTA), and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, to place in authorized depositories for mail, to be sent and delivered by the Postal Service, matters and things and knowingly to cause to be delivered by mail according to the direction thereon and

at the place at which it was directed to be delivered by the person to whom it was addressed, matter and things, in violation of Title 18, United States Code, Section 1341.

The ultimate object of the conspiracy was for the defendant, MAN O' TREES, INC., to fraudulently obtain funds, in the form of government construction contract payments by falsely claiming that Sue-Perior could fulfill DBE percentage goals on such contracts on behalf of defendant, MAN O' TREES, INC.

D. **Manner and Means of the Conspiracy**

The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

It was part of the conspiracy to defraud that on or about May 21, 2009, the defendant, MAN O' TREES, INC., through its owners, officers and employees, filed and caused to be filed, a fraudulent DBE application with the NFTA on behalf of Sue-Perior to obtain DBE certification. Obtaining DBE certification for Sue-Perior allowed defendant, MAN O' TREES, INC., to secure public works construction contracts by utilizing Sue-Perior to fulfill the DBE percentage goals on such contracts. Obtaining DBE certification for Sue-Perior also enabled defendant, MAN O' TREES, INC., and Sue-Perior to gain an unfair bidding advantage in securing such contracts.

It was part of the conspiracy to defraud that defendant, MAN O' TREES, INC., caused Sue-Perior to enter into public construction subcontracts to perform an array

4

of construction work. As defendant, MAN O' TREES, INC., well knew, Sue-Perior was itself incapable of completing the work the defendants contractually agreed to have Sue-Perior perform. Among other things, Sue-Perior lacked any independent labor force; Sue-Perior's administrative work was completed in offices of defendant, MAN O' TREES, INC., by defendant, MAN O' TREES, INC., employees; and defendant, MAN O' TREES, INC., laborers completed work that should have been completed by Sue-Perior employees. Oftentimes, laborers received wages from both defendant, MAN O' TREES, INC., and Sue-Perior for work done on the same project during the same work week.

It was further part of the conspiracy to defraud that defendant, MAN O' TREES, INC., actually performed the work that Sue-Perior contracted to perform, with defendant, MAN O' TREES, INC., providing all the significant labor, equipment, and supervision necessary to complete that work.

E. **Mailings In Execution of the Conspiracy to Defraud**

It was further part of the conspiracy to defraud that, for the purpose of executing the scheme and artifice, defendant, MAN O' TREES, INC., on or about the dates set forth below, did place in authorized depositories for mail, to be sent and delivered by the Postal Service, matters and things and did knowingly cause to be delivered by mail according to the direction thereon and at the place at which it was directed to be delivered by the person to whom it was addressed, matter and things including, among others, those set forth below:

5

| DATE | PROJECT | SENDER | RECIPIENT | DESCRIPTION |
|---|---|---|---|---|
| 01/03/2011 | NYS Route 104 | City of Niagara Falls | NYSDOT | Sponsor's Payment Request |
| 02/17/2012 | NYS Route 104 | City of Niagara Falls | NYSDOT | Sponsor's Payment Request |
| 09/24/2012 | NYS Route 104 | City of Niagara Falls | NYSDOT | Sponsor's Payment Request |
| 03/14/2011 | Union Ship Canal | BUDC | NYSDOT | Sponsor's Payment Request |
| 08/26/2011 | Union Ship Canal | BUDC | NYSDOT | Sponsor's Payment Request |
| 03/14/2012 | Union Ship Canal | BUDC | NYSDOT | Sponsor's Payment Request |
| 09/20/2011 | Gallagher Beach | New York State Treasury | MOT | Check Payment |
| 11/29/2011 | Gallagher Beach | New York State Treasury | MOT | Check Payment |
| 12/30/2011 | Gallagher Beach | New York State Treasury | MOT | Check Payment |

**All in violation of Title 18, United States Code, Section 1349.**

Dated:   Buffalo, New York, September 21, 2023.

TRINI E. ROSS
United States Attorney

BY:   _____
RUSSELL T. IPPOLITO, JR.
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5700, ext. 843
Russell.Ippolito@usdoj.gov