IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.   23-CR- 104

MAN O' TREES, INC.

Defendant.

## PLEA AGREEMENT

The defendant, MAN O' TREES, INC., and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 1349 (Conspiracy to Commit Mail Fraud), for which the maximum possible sentence is a fine of either $500,000 or alternatively, a fine of "not more than the greater of twice the gross gain or twice the gross loss" caused by the offense, pursuant to 18 U.S.C. § 3571(d), a mandatory $400 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(B), and a term of probation of not less than one nor more than five years pursuant to 18 U.S.C. § 3561(c)(1). The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant represents that it is a legal entity organized under the laws of the State of New York. The defendant further represents that it has been authorized to enter into this plea agreement by its sole owner, David Pfeiffer, who has full authority to act on behalf of the defendant in entering this plea agreement.

3.      The defendant understands that, upon sentencing, the defendant's conviction will be reported to the Department of Justice's Bureau of Justice Assistance pursuant to Title 10, United States Code, Section 2408 for inclusion in the Defense Procurement Fraud Debarment Clearinghouse database and the System for Award Management of the General Services Administration. The defendant understands that Title 10, United States Code, Section 2408 provides for a mandatory term of debarment of at least five years, which term may only be waived if the Secretary of Defense determines a waiver is in the interests of national security.

## II.     ELEMENTS AND FACTUAL BASIS

4.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit a fraud crime listed in Title 18 Chapter 63, as charged in the Information, that is, Mail Fraud, in violation of Title 18, United States Code, Section 1341.

   b. The defendant knew the unlawful purpose of the plan and willfully joined in it.

## FACTUAL BASIS

5.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. The defendant, MAN O' TREES, INC., was incorporated in the State of New York in or about 1998, and operated as a general construction contractor. The defendant, MAN O' TREES, INC., maintained offices in West Seneca, New York, Buffalo, New York, and Salamanca, New York.

   b. Sue-Perior Concrete and Paving, Inc. (Sue-Perior) was incorporated in the State of New York in or about 2003, and purportedly operated as a subcontractor and general construction contractor. Sue-Perior maintained offices at the same locations used by defendant, MAN O' TREES, INC.

   c. Disadvantaged Business Enterprise (DBE) was a label assigned to those businesses who were certified by a government agency as owned and controlled by socially and economically disadvantaged individuals who own at least 51% of the company.

   d. In 1980, the United States Department of Transportation (USDOT) issued regulations in connection with a program to increase the participation of minority and DBEs in federally-funded public construction projects. Recipients of USDOT construction grants were required to establish a DBE program pursuant to which they would set specific goals for the percentage of work to be awarded to DBEs and ensure that good faith efforts were made by general contractors to employ qualified DBE subcontractors.

   e. To be certified as a DBE, a company must have been owned and controlled by socially and economically disadvantaged individuals, who owned at least 51% of the company. Additionally, the company must have been an independent business, one whose viability did not depend on its relationship with another firm or firms; the company must have employed its own work force, owned the equipment necessary to perform its work, and been able to meet its financial obligations. To undertake work as a DBE, a company must have been certified as a DBE in the state within which it seeks to perform work.

   f. General contractors were permitted to count toward the attainment of their DBE percentage goals only funds paid to DBEs that performed a "commercially useful function" in the execution of a contract. Under the relevant rules and regulations, a DBE subcontractor performed a

        commercially useful function only where it: was responsible for the execution of the work of the contract; carried out its responsibilities by actually performing, managing, and supervising the work involved; and furnished the supervision, labor, and equipment necessary to perform its work. The rules and regulations also expressly provided that a DBE did not perform a commercially useful function "if its role is limited to that of an extra participant in a transaction, contract, or project through which funds are passed in order to obtain the appearance of DBE participation."

g.    Beginning in or about May 2009, and continuing until in or about 2013, in the Western District of New York, and elsewhere, the defendant, MAN O' TREES, INC., did knowingly and willfully combine, conspire, and agree together and with others, known and unknown, to devise a scheme and artifice to defraud, among others, the USDOT, the New York State Department of Transportation, the City of Niagara Falls, New York, the Buffalo Urban Development Corporation (BUDC), and the Niagara Frontier Transportation Authority (NFTA), and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, to place in authorized depositories for mail, to be sent and delivered by the Postal Service, matters and things, and knowingly to cause to be delivered by mail according to the direction thereon and at the place at which it was directed to be delivered by the person to whom it was addressed, matter and things, in violation of Title 18, United States Code, Section 1341.

h.    The ultimate object of the conspiracy was for the defendant, MAN O' TREES, INC., to fraudulently obtain funds, in the form of government construction contract payments, by falsely claiming that Sue-Perior could fulfill DBE percentage goals on such contracts on behalf of defendant, MAN O' TREES, INC. As a result of the conspiracy, the defendant, MAN O' TREES, INC. profited in the amount of approximately $3,501,073.

**Manner and Means of the Conspiracy**

i.    The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

j.    It was part of the conspiracy to defraud that on or about May 21, 2009, the defendant, MAN O' TREES, INC., through its owners, officers and employees, filed and caused to be filed, a fraudulent DBE application with the NFTA on behalf of Sue-Perior to obtain DBE certification. Obtaining DBE certification for Sue-Perior allowed defendant, MAN O' TREES, INC., to secure public works construction contracts by

4

utilizing Sue-Perior to fulfill the DBE percentage goals on such contracts. Obtaining DBE certification for Sue-Perior also enabled defendant, MAN O' TREES, INC., and Sue-Perior to gain an unfair bidding advantage in securing such contracts.

k. It was part of the conspiracy to defraud that defendant, MAN O' TREES, INC., caused Sue-Perior to enter into public construction subcontracts to perform an array of construction work. As defendant, MAN O' TREES, INC., well knew, Sue-Perior was itself incapable of completing the work the defendants contractually agreed to have Sue-Perior perform. Among other things, Sue-Perior lacked any independent labor force; Sue-Perior's administrative work was completed in offices of defendant, MAN O' TREES, INC., by defendant, MAN O' TREES, INC., employees; and defendant, MAN O' TREES, INC., laborers completed work that should have been completed by Sue-Perior employees. Oftentimes, laborers received wages from both defendant, MAN O' TREES, INC., and Sue-Perior for work done on the same project during the same work week.

l. It was further part of the conspiracy to defraud that defendant, MAN O' TREES, INC., actually performed the work that Sue-Perior contracted to perform, with defendant, MAN O' TREES, INC., providing all the significant labor, equipment, and supervision necessary to complete that work.

m. It was further part of the conspiracy to defraud that, for the purpose of executing the scheme and artifice, defendant, MAN O' TREES, INC., on or about the dates set forth below, did place in authorized depositories for mail, to be sent and delivered by the Postal Service, matters and things, and did knowingly cause to be delivered by mail according to the direction thereon and at the place at which it was directed to be delivered by the person to whom it was addressed, matters and things including, among others, those set forth below:

| DATE | PROJECT | SENDER | RECIPIENT | DESCRIPTION |
|---|---|---|---|---|
| 01/03/2011 | NYS Route 104 | City of Niagara Falls | NYSDOT | Sponsor's Payment Request |
| 02/17/2012 | NYS Route 104 | City of Niagara Falls | NYSDOT | Sponsor's Payment Request |
| 09/24/2012 | NYS Route 104 | City of Niagara Falls | NYSDOT | Sponsor's Payment Request |
| 03/14/2011 | Union Ship Canal | BUDC | NYSDOT | Sponsor's Payment Request |

5

| 08/26/2011 | Union Ship Canal | BUDC | NYSDOT | Sponsor's Payment Request |
| --- | --- | --- | --- | --- |
| 03/14/2012 | Union Ship Canal | BUDC | NYSDOT | Sponsor's Payment Request |
| 09/20/2011 | Gallagher Beach | New York State Treasury | MOT | Check Payment |
| 11/29/2011 | Gallagher Beach | New York State Treasury | MOT | Check Payment |
| 12/30/2011 | Gallagher Beach | New York State Treasury | MOT | Check Payment |

n.  The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

### III.  SENTENCING GUIDELINES

6.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

7.  The government and the defendant agree that the sentence will be calculated in accordance with Chapter 8 of the Sentencing Guidelines Manual, and Part 8C2 thereof, which pertains to the Sentencing of Organizations other than those that operate primarily for a criminal purpose.

### BASE OFFENSE LEVEL

8.  The government and the defendant agree that Guidelines §§ 8A1.1, 8A1.2 and 8C2.3, the base offense level is determined by reference to Guidelines §§ 2B1.1(a)(1) and 2B1.1(b)(1)(J), and provides for a base offense level of 25.

## ADJUSTED OFFENSE LEVEL

9. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 25.

## BASE FINE

10. It is the understanding of the government and the defendant that, with a total offense level of 25, the base fine is $2,800,000 pursuant to Guidelines § 8C2.4(d) in effect on November 1, 2014.

## CULPABILITY SCORE

11. The defendant and the government agree that the culpability score is determined by Guidelines § 8C2.5, and pursuant to Guidelines § 8C2.5(a), there are 5 culpability score points.

12. The government and the defendant agree that because the defendant had at least 10 employees and because at least one employee with substantial authority participated in, condoned or was willfully ignorant of the offense, Guidelines § 8C2.5(b)(5) applies to the offense of conviction and adds one (1) point to the defendant's culpability score.

13. The defendant and the government agree that because defendant clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct, pursuant to Guidelines § 8C2.5(g)(3), the defendant's culpability score is reduced by one (1) point.

## MINIMUM AND MAXIMUM MULTIPLIER

14.     The defendant and the government agree that with a culpability score of 5, the minimum multiplier is 1.00 and maximum multiplier is 2.00 pursuant to Guidelines § 8C2.6.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

15.     It is the understanding of the government and the defendant that with a base fine of $2,800,000, a culpability score of 5, a minimum multiplier of 1.00, and a maximum multiplier of 2.00, the Guidelines fine range is $2,800,000 to $5,600,000 pursuant to Guidelines § 8C2.7(a) and (b).

16.     It is the understanding of the government and the defendant that, pursuant to the Guidelines calculations set forth above, the defendant's sentencing range would be a fine of $2,800,000 to $5,600,000, and a period of probation of 1 to 5 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

17.     The defendant and the government agree that the defendant, MAN O' TREES, INC., is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay the minimum fine required by Guidelines § 8C2.7. The parties agree that defendant, MAN O' TREES, INC., is entitled to a reduction of fine based on inability to pay pursuant to Guidelines § 8C3.3(b).

18. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

19. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

### IV.   STATUTE OF LIMITATIONS

20. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

21. The defendant agrees to waive any defense based on the statute of limitations to the charge in the Information.

### V. GOVERNMENT RIGHTS AND OBLIGATIONS

22. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, and the circumstances surrounding the charge;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

23. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

24. The defendant understands and agrees that the Court, at the time of sentencing, may order that all monetary penalties imposed at that time (including any fine or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely the minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

25. At sentencing, upon the defendant's satisfaction of all financial and other obligations pursuant to this agreement, the government will move to dismiss the Indictment pending against David Pfeiffer and Thomas Colton under 16-CR-00023.

## VI. APPEAL RIGHTS

26. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which includes a fine of $500,000 or less, and a term of probation of 5 years, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

27. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

28. The government waives its right to appeal any component of a sentence imposed by the Court which includes of fine of $500,000 or more, and a term of probation of 1 year, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   TOTAL AGREEMENT AND AFFIRMATIONS

29. This plea agreement represents the total agreement between the defendant, MAN O' TREES, INC., and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: *(signature)*
RUSSELL T. IPPOLITO, JR.
Assistant United States Attorney

Dated: September 21, 2023

The defendant, MAN O' TREES, INC., by its attorney, Justin Ginter, Esq., and by a vote of the Board of Directors, a copy of which resolution is attached hereto and marked Exhibit A, hereby agrees to all the terms of this plea agreement. Furthermore, the defendant, MAN O' TREES, INC., acknowledges that all the terms of this plea agreement, which consists of pages 1 through 13, have been explained to the Board of Directors. The defendant has had a full opportunity to discuss this agreement with its attorney, Justin Ginter, Esq. The defendant states the plea agreement represents the total agreement reached between itself and the government. The defendant agrees that no promises or representations have been made to the defendant or any representative of the defendant other than what is contained in this

12

agreement. The defendant fully agrees with the contents of this agreement. The defendant is signing this agreement voluntarily.

_____
MAN O' TREES, INC.
Defendant
BY: David Pfeiffer, President

Dated: September 21, 2023

_____
JUSTIN GINTER, ESQ.
Attorney for the Defendant Corporation

Dated: September 21, 2023